**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

FORD MOTOR COMPANY                          CIVIL ACTION NO. 04-1733

VERSUS                                      JUDGE S. MAURICE HICKS, JR

BERNIE WOODS, SR.

**MEMORANDUM RULING**

This matter is before the Court on Plaintiff Ford Motor Company's ("Ford") Motion for Further Relief Under the All Writs Act. See Record Document 54. Defendant Bernie Woods, Sr. ("Woods") opposes the Motion for Further Relief Under the All Writs Act. See Record Document 57.

The facts of this case were set forth in a December 6, 2004 Memorandum Ruling, wherein this Court ordered that Woods be compelled to arbitrate claims asserted under his Dealer Development Agreement with Ford. See Record Document 35. Those facts are adopted by reference. On January 21, 2005, the Court enjoined Woods from further prosecuting his claim against Ford before the Louisiana Motor Vehicle Commission ("LMVC"). See Record Document 45. The Court also stayed all proceedings before the LMVC in the matter styled "Bernie Woods, Sr., Plaintiff, versus Ford Motor Company, Defendant, Number 2004-0013" pending completion of arbitration pursuant to the Court's Memorandum Ruling and Order of December 6, 2004. See id. The aforementioned rulings were affirmed by the United States Court of Appeals for the Fifth Circuit on January 31, 2006. See id., Exhibit 1. Woods initiated arbitration on April 28, 2006. See Record Document 57, Exhibit A.

Ford now seeks further relief from this Court under the All Writs Act. See Record

Document 54. The Motion for Further Relief was filed in response to a February 28, 2006 objection, in the form of a letter, lodged by Woods to the LMVC regarding Ford's application to the LMVC for a new dealer to be appointed at the Southpoint Ford dealership ("Southpoint dealership") in Stonewall, Louisiana. Ford argues that because of Woods' objection, the LMVC has declined to process the replacement application filed on behalf of the Southpoint dealership.[1]

Ford argues that Woods' objection to the replacement license for the Southpoint dealership circumvents this Court's previous rulings and that further relief is necessary in this case "because Mr. Woods' recent request to the LMVC shows that he is continuing to pursue relief from that agency instead of through arbitration." Record Document 54 (Memorandum in Support) at 5. Pursuant to the All Writs Act, Ford asks this Court to require Woods to dismiss without prejudice his claims against Ford before the LMVC and to bar Woods from initiating further proceedings against Ford before the LMVC. Ford argues that dismissal without prejudice of Woods' LMVC complaint is not burdensome or prejudicial, as it would not impact the merits and/or resolution of Woods' claims in

---

[1] By letter dated March 10, 2006, counsel for the LMVC stated that because "Bernie Woods' claim of unfair cancellation has yet to be tried before the LMVC . . . Louisiana law prohibits the LMVC from considering a replacement application for the franchise." Record Document 54 , Exhibit 3 (March 10, 2006 Letter from Adrian F. LaPeyronnie, III). The LMVC's position is based on La. R.S. 32:1256(D), now La. R.S. 32:1258(E), which states:

> All licenses shall be granted or refused within thirty days after application therefor, and shall expire as provided in this Chapter, unless sooner revoked or suspended, except that where a complaint of unfair cancellation of a dealer franchise is in process of being heard, no replacement application for such franchise shall be considered until a decision is rendered by the commission.

arbitration.[2] See id. Ford further seeks an order clarifying that this Court's orders do not prohibit the LMVC from dismissing Woods' claims and do not prevent the LMVC from approving a replacement dealer at the Southpoint dealership. Ford also requests that the Court hold Woods in contempt for violation of the Court's previous orders.

Conversely, Woods argues that his February 28, 2006 letter simply requested, through his counsel, that the LMVC not name a new dealer before hearing his objection as a "private citizen" to the naming of a replacement dealer. See Record Document 57 at 1. Woods maintains that the February 28, 2006 letter was not the basis for the LMVC declining to process Southpoint dealership's application for a replacement dealer and that the letter was in no way a "step" in his complaint with the LMVC. See id. at 3. Rather, the letter was an exercise of his right as a private citizen to appear before the LMVC to object to the approval of a new dealer at the Southpoint dealership until all of his pending matters between himself and Ford have been resolved. See id. Woods contends that Ford's reliance on the All Writs Act is misplaced, in that a dismissal will not enforce prior orders of this Court because the prior orders dealt with compelling arbitration and staying the LMVC proceeding involving Woods, not naming a new dealer. See id. at 4. Finally, Woods argues that a dismissal, even without prejudice, of his LMVC complaint would impair his rights because the LMVC would then be able to name a new dealer for the Southpoint dealership, which would destroy the arbitrator's ability to reinstate Woods as dealer. See id. at 5.

---

[2]On April 28, 2006, Woods initiated arbitration. See Record Document 57, Exhibit A.

## I. The All Writs Act.

Title 28, United States Code, Section 1651(a) ("the All Writs Act") provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." It is well established that under the All Writs Act, courts can enter orders and injunctions as a means to enforce prior judgments. See Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559, 577 -578 (5th Cir. 2005). The power conferred to courts under the All Writs Act also extends in some cases to non-parties, such as the LMVC, who "are in a position to frustrate the implementation of a court order or the proper administration of justice." U.S. v. New York Tel. Co., 434 U.S. 159, 174, 98 S.Ct. 364, 373 (1977) (citations omitted). This important feature of the All Writs Act is needed in certain instances in order to preserve the court's ability to reach or enforce its decision in a case over which it has proper jurisdiction. See U.S. v. International Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO, 911 F.Supp. 743 (S.D.N.Y. 1996). The power of federal district courts to issue orders under the All Writs Act that affect non-parties extends even to those that have not affirmatively obstructed justice or engaged in any wrong doing, if their assistance is needed to effectuate a prior order of the court and the assistance required is not burdensome. See U. S. v. Doe, 537 F.Supp. 838 (E.D.N.Y. 1982); New York Tel. Co., 434 U.S. at 174, 98 S.Ct. at 373.

Further, the Court notes that its powers under the All Writs Act in this case are not tempered by the Anti-Injunction Act. Title 28, United States Code, Section 2283 states:

A court of the United States may not grant an injunction to stay proceedings

> in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Thus, by its own terms, the Anti-Injunction Act applies to only state court proceedings and not to state administrative proceedings such as proceedings before the LMVC. See Entergy Ark., Inc. v. Nebraska, 210 F.3d 887, 900 (8th Cir. 2000).

## II.     Application of the All Writs Act to the Instant Case.

After a thorough review of the record in this case and of the jurisprudence regarding a court's power under the All Writs Act, this Court finds that it is clearly authorized by the All Writs Act to order that Woods' complaint before the LMVC be dismissed without prejudice. Such assistance is necessary and appropriate in this case to protect and enforce this Court's previous rulings in light of the February 28, 2006 letter written by Woods' counsel to the LMVC. The Court has no doubt that this letter sought to do through the back door of the LMVC what this Court's previous rulings precluded Woods from doing through the front door of the LMVC. The letter, which references the fact that Woods was terminated from the Southpoint dealership and that he has a pending matter before the LMVC, serves as evidence that Woods is not only continuing to pursue relief from the LMVC, but also trying to benefit from and use the pendency of his complaint as leverage against Ford's attempt to appoint a new dealer for its Southpoint dealership. The Court finds that the reference to his termination and his pending matters before the LMVC takes Woods' February 28, 2006 letter beyond that of a private citizen exercising the right to appear before the LMVC to object to the approval of a new dealer at the Southpoint dealership and elevates it to an action in contravention of this Court's previous orders. Essentially, the letter is a "collateral attack" on the Court's previous orders and, to some

degree, actually "flaunts" the Court's previous orders. See Newby v. Enron Corp., 338 F.3d 467, 475 (5th Cir. 2003). At the very least, the letter is an attempt to impermissibly sidestep this Court's previous orders.

Further, Woods' argument that he will be prejudiced by a dismissal also fails. The burden, if any, imposed upon Woods by such dismissal is not unreasonable in light of the full array of remedies, whether they be monetary or equitable, available to Woods in arbitration if he prevails. In fact, there is nothing preventing the arbitrator from reinstating Woods at the Southpoint dealership, if the arbitrator finds reinstatement to be an appropriate remedy.

While this Court in no way doubts its authority under the All Writs Act as to third parties, it is also cognizant that its power to impose duties upon third parties such as the LMVC is not without limits and in many instances should be tempered. Here, the LMVC is not a third party "so far removed from the underlying controversy that its assistance [can] not be permissibly compelled." See New York Tel. Co., 434 U.S. at 174, 98 S.Ct. at 373. In fact, the LMVC is precisely the type of third party contemplated by the aforementioned jurisprudence – a third party who possesses the power to frustrate the implementation of this Court's orders and/or prevent the proper administration of justice.[3] See New York Tel.

---

[3] On December 6, 2004 ruling, this Court ruled that the claim Woods filed with the LMVC was subject to mandatory, binding arbitration. See Record Document 35. Four days later, at a hearing before the LMVC, Woods, through his counsel, referred to this Court's December 6, 2004 ruling as a "nullity." See Record Document 39, Exhibit 1 (Transcript) at 19. At that same hearing, the LMVC reasoned that the December 6, 2004 rulings did not have any impact on its jurisdiction and refused to dismiss Woods' complaint. See id., Exhibit 1 at 68, 100-01. This LMVC ruling prompted Ford's "Motion to Enforce Order Compelling Arbitration," which was filed before this Court on January 5, 2005. See Record Document 39. On January 21, 2005, this Court enjoined Woods from further prosecuting his claim against Ford before the LMVC and also stayed all proceedings

Co., 434 U.S. at 174, 98 S.Ct. at 373. However, in a case such as this, the Court hopes to fashion a remedy under the All Writs Act that will not only protect and effectuate its previous orders, but also place the lowest burden possible on the LMVC, a third party who, at this point, has not affirmatively obstructed justice or engaged in wrongdoing in violation of this Court's orders.

With these principles in mind, the Court now moves to its ruling under the All Writs Act. In its Motion for Further Relief, Ford is seeking not only to protect this Court's previous orders, but also to protect its federally secured right to arbitration, a right that was upheld by this Court in previous rulings and affirmed by the Fifth Circuit. Simply put, this Court finds that it is improper, and in contravention of previous rulings, for Woods to in any way use his pending/stayed complaint before the LMVC as an obstacle to Ford's appointment of a new dealer at its Southpoint dealership. Thus, after a thorough review of the record, the Court finds that an order directing the dismissal without prejudice of Woods' complaint before the LMVC is appropriate. Woods is ordered to dismiss without prejudice his complaint before the LMVC by **June 13, 2006**. If Woods fails to take such action by June 13, 2006, the LMVC is ordered to dismiss without prejudice Woods' complaint by **June 23, 2006**. Such an order will not only protect and effectuate this Court's previous rulings, but also remove Woods' ability to use his pendent complaint as leverage in an effort to impede the license application for a replacement dealer at the Southpoint dealership. The Court also finds that such an order places a reasonably low burden on the third party LMVC.

---

involving Woods' complaint before the LMVC pending completion of arbitration. See Record Document 45.

## III. Contempt of Court.

Ford also argues that Woods should be found in contempt of court. Ford notes that this Court's prior rulings obligate Woods to assert claims against Ford exclusively in arbitration proceedings and prohibit Woods from pressing his claims before the LMVC. Ford argues that Woods' February 28, 2006 letter violates those previous orders, or at the very least is being used as leverage to prevent the appointment of a new dealer at Southpoint dealership and to further his own claim for reinstatement. See Record Document 54 at 8. Thus, Ford maintains that the letter violates the Court's order that all claims must be resolved through arbitration. See id. Ford also argues that the fact that Woods' letter was a "back door" attempt to contravene the Court's orders does not in any way mitigate the alleged violation of the Court's orders. See id. at 8-9. Conversely, Woods maintains that he did not violate the Court's orders and that his letter of February 28, 2006 cannot in any way be construed as contempt of this Court's prior rulings. See Record Document 57 at 5.

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." Travelhost, Inc. v. Blandford, 68 F.3d 958, 961 (5th Cir. 1995) (citations omitted). "A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." Martin v. Trinity Industries, Inc., 959 F.2d 45, 47 (5th Cir. 1992). Upon a finding of civil contempt, the court has complete discretion in assessing sanctions to protect the sanctity of it decrees and the legal process. See American

Airlines, Inc. v. Allied Pilots Ass'n, 228 F.3d 574, 585 (5th Cir. 2000).

This Court finds by clear and convincing evidence that Woods violated its previous orders of December 6, 2004 (Record Document 35) and January 21, 2005 (Record Document 45). The record is clear that while the previous orders were in effect, Woods' letter of February 28, 2006, with its references to the fact that Woods was terminated from the Southpoint dealership and that he has a pending matter before the LMVC, was not only an attempt to pursue relief from the LMVC, but also an attempt to use his complaint as leverage against Ford. As stated previously in the instant Memorandum Ruling, Woods' reference to his termination and his pending matters before the LMVC takes the February 28, 2006 letter beyond that of a private citizen exercising the right to appear before the LMVC to object to the approval of a new dealer at the Southpoint dealership and elevates it to an action in contravention of this Court's previous orders. The letter was simply an attempt to do through the back door of the LMVC what this Court's previous rulings precluded Woods from doing through the front door of the LMVC. Thus, the Court agrees that Woods' letter violates the previous orders that all of Woods' claims against Ford must be resolved through arbitration. Accordingly, this Court finds Woods in contempt of court and orders that he *personally* pay $2,500.00 in sanctions, plus payment of Ford's attorney's fees and costs in connection with filing and pursuing its Motion for Further Relief.

**IV. Conclusion.**

Based on the foregoing, the Court orders Woods to dismiss without prejudice his complaint pending before the LMVC styled "Bernie Woods, Sr., Plaintiff, versus Ford Motor Company, Defendant, Number 2004-0013" by **June 13, 2006**. If Woods fails to take such

action by June 13, 2006, the LMVC is ordered to dismiss without prejudice Woods' complaint by **June 23, 2006**. This order will not only protect and effectuate this Court's previous rulings, but also remove Woods' ability to use his pendent complaint as leverage in a misguided attempt to impede the license application for a replacement dealer at the Southpoint dealership. This order also serves to clarify that there is no court ordered impediment to the Louisiana Motor Vehicle Commission entertaining Ford's replacement application for a dealer at its Southpoint dealership. The Court further finds Woods in contempt of court for violation of this Court's previous orders of December 6, 2004 (Record Document 35) and January 21, 2005 (Record Document 45) and orders him to *personally* pay $2,500.00 in sanctions. The sanctions shall be paid directly to the United States Clerk of Court. Additionally, Woods is ordered to pay Ford's attorney's fees and costs incurred in connection with filing and pursuing its Motion for Further Relief.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 5th day of June, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE