**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| FORD MOTOR COMPANY | CIVIL ACTION NO. 04-1733 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BERNIE WOODS, SR. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

On June 5, 2006, this Court granted Ford Motor Company's ("Ford") Motion for Further Relief, finding that Bernie Woods, Sr. ("Woods") had violated previous orders of this Court. See Record Documents 60 & 61. The Court also found Woods in contempt of court and ordered that he *personally* pay $2,500.00 in sanctions, plus Ford's attorney's fees and costs incurred in connection with filing and pursuing the Motion for Further Relief. See id.

On June 12, 2006, Woods filed a Motion for Stay of Proceedings Pursuant to Federal Rule of Civil Procedure 62. See Record Document 62. The Court granted in part and denied in part the Motion for Stay. See Record Document 67. The stay was denied as to the portions of the June 5, 2006 ruling ordering Woods to dismiss without prejudice his complaint pending before the Louisiana Motor Vehicle Commission ("LMVC"). See id. The stay was granted as to the portions of the June 5, 2006 ruling ordering Woods to *personally* pay $2,500.00 in sanctions and to *personally* pay all of Ford Motor Company's attorney's fees and costs incurred in connection with filing and pursuing its Motion for Further Relief. See id. As directed by the Court, Woods posted a supersedeas bond with the United States Clerk of Court in the amount of $2,500.00 on June 27, 2006 and the stay

of the monetary portions of the June 5, 2006 order became effective.

Now before the Court is Ford's Motion for Attorneys' Fees and Costs pursuant to Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure. See Record Document 68. Ford has submitted the declarations of Thomas W. Curvin of Sutherland Asbill & Brennan L.L.P., Atlanta, GA, and George Denegre, Jr. of Liskow and Lewis, New Orleans, LA. See Record Document 64, Exhibits 1 & 2. Attached to the declarations are contemporaneous time entries and billing records for work performed by the aforementioned attorneys and/or their law firms in the instant matter from the time period of March 31, 2006 through May 31, 2006.[1] See id. Hourly rates for the attorneys involved range from $235.00 to $285.00. See id. Based on these declarations, Ford seeks an award of $20,539.68 representing attorneys' fees and costs incurred with the filing and pursuit of its Motion for Further Relief. See id.

In opposition to the Motion for Attorneys' Fees and Costs, Woods argues that Ford's attorneys' fees and costs are excessive in light of the procedural history of this case, namely the small number of filings. See Record Document 72. Woods further submits that this Court has wide discretion in assessing a more appropriate hourly rate and adjusting the time spent by Ford's counsel in this case. See id. Woods also asks the Court to consider that he has lost his dealership and has been ordered to dismiss his complaint before the Louisiana Motor Vehicle Commission when assessing the amount of attorneys' fees and costs appropriate in this case. See id.

---

[1] On February 28, 2006, Woods submitted a letter objection to the LMVC. This letter prompted Ford to file its Motion for Further Relief.

Ford counters Woods' opposition and notes that Woods offers no argument or evidence to suggest that the hourly rates at issue are unreasonable or should be reduced. See Record Document 76. Ford also submits that Woods offered no substantive basis for challenging the hours worked by the attorneys on the Motion for Further Relief. See id. Finally, Ford argues that any "weighing of losses" in this case should also include the losses suffered by the Ford dealership due to Woods' refusal to submit the instant matter to arbitration. Id.

"Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt. Discretion, including the discretion to award attorneys' fees, must be left to a court in the enforcement of its decrees. The theory for allowing attorneys' fees for civil contempt is that civil contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." Cook v. Ochsner Foundation Hospital, 559 F.2d 270, 272 (5th Cir. 1977), citing United States v. United Mine Workers, 330 U.S. 258, 57 S.Ct. 677, (1947). In its June 5, 2006 ruling, this Court stated:

> Essentially, [Woods' February 28, 2006] letter [objection to the Louisiana Motor Vehicle Commission was] a "collateral attack" on the Court's previous orders and, to some degree, actually "flaunts" the Court's previous orders. See Newby v. Enron Corp., 338 F.3d 467, 475 (5th Cir. 2003). At the very least, the letter is an attempt to impermissibly sidestep this Court's previous orders.

Record Document 60 at 5-6.[2] Thus, the Court found attorneys' fees and costs appropriate to enforce compliance with its previous orders and to compensate for losses or damages

---

[2] The Court hereby incorporates by reference section III of its June 5, 2006 Memorandum Ruling addressing contempt of court.

sustained by Ford by Woods' noncompliance.  The Court further finds Ford's declarations outlining hourly rates and contemporaneous time entries and billing records to be reasonable.  Counsel for Ford are located in Atlanta, GA and New Orleans, LA and spent approximately three months filing and pursuing the Motion for Further Relief.  Further, as argued by Ford, if this Court is to consider Woods' outside losses, i.e., loss of the dealership and the dismissal of his LMVC complaint, then it must also consider Ford's outside losses, i.e., losses the dealership incurred during the "limbo" of this litigation, which was sparked by Woods' refusal to submit his dispute to arbitration.  Record Document 76 at 2-3.  Therefore, the Court, in line with its June 5, 2006 ruling, awards attorneys' fees and costs in the amount of $20,539.68.

Accordingly,

**IT IS ORDERED** that the Motion for Attorneys' Fees and Costs (Record Document 68) filed by the plaintiff, Ford Motor Company, be and is hereby **GRANTED**.  Ford Motor Company is awarded attorneys' fees and costs in the amount of $20,539.68.

**IT IS FURTHER ORDERED** that the execution of the instant order granting Ford Motor Company's Motion for Attorneys' Fees and Costs (Record Document 68) and awarding attorneys' fees and costs in the amount of $20,539.68 be and is hereby **STAYED** pending resolution of Bernie Woods, Sr.'s appeal to the United States Court of Appeals for the Fifth Circuit.

**IT IS FURTHER ORDERED** that within ten days of the Fifth Circuit's ruling, counsel for Bernie Woods, Sr. shall notify this Court of such ruling so that the Court can review the

status of the case and, if necessary, enter the appropriate orders regarding the pending stays in the instant matter.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 19th day of September, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE